IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| LORESE HILL, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:09-cv-02662-JPM-cgc |
| | ) | |
| PERFORMA ENTERTAINMENT, | ) | |
| LLC; PERFORMA ENTERTAINMENT | ) | |
| REAL ESTATE, INC.; PORTER | ) | |
| SECURITY & INVESTIGATIONS, | ) | |
| INC.; & BEALE STREET | ) | |
| DEVELOPMENT CORP. | ) | |
| | ) | |
|     Defendants. | ) | |

---

**ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST PERFORMA ENTERTAINMENT, LLC AND PERFORMA ENTERTAINMENT REAL ESTATE, INC. FOR PREJUDGMENT INTEREST AND ATTORNEY'S FEES**

---

Before the Court is Defendants Performa Entertainment, LLC and Performa Entertainment Real Estate, Inc.'s (the "Performa Defendants") Motion to Dismiss Plaintiff's Claim for Prejudgment Interest and Attorney's Fees (Docket Entry ("D.E.") 16), filed November 10, 2009.[1]  Plaintiff responded on December 10, 2009. (D.E. 25.)  For the following reasons, the Performa Defendants' motion is GRANTED.

---

[1] Defendants Porter Security & Investigations, Inc. and Beale Street Development Corp. did not move to dismiss Plaintiff's claims for prejudgment interest and attorney's fees against them; the Court expresses no opinion as to those claims.

## I. Background

This case arises out of an incident in which Plaintiff was injured while riding in a car driven by her relative Johnny Johnson. According to the complaint, an "unsecured guardrail . . . drift[ed] into the street from its proper location on the sidewalk." (Compl. ¶ 10.) The car struck the guardrail, which went through the windshield and caused Plaintiff severe facial injuries. (Id. ¶¶ 11-15.) Plaintiff sued all of the defendants for negligence and negligence per se. (Id. at 4-5.) Plaintiff seeks compensatory and punitive damages of no more than $5,000,000, attorney's fees, and pre- and post-judgment interest. (Id. at 5-6.)

## II. Standard of Review

Under Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "a civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 630 (6th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). The Court must "construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 902-03 (6th Cir. 2009) (citation omitted). The

2

Court "need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id. at 903 (citations and quotation marks omitted).

### III. Analysis

The Performa Defendants move to dismiss Plaintiff's claims for attorney's fees and pre-judgment interest. The Court will address each claim in turn.

#### a. Prejudgment Interest

The Performa Defendants correctly argue, and Plaintiff concedes, that under Tennessee law prejudgment interest is not available in personal injury actions. See Palanki ex rel. Palanki v. Vanderbilt Univ., 215 S.W.3d 380, 389-90 (Tenn. Ct. App. 2006). Plaintiff's claim for prejudgment interest is DISMISSED.

#### b. Attorney's Fees

Under Tennessee law attorney's fees may not be awarded in the absence of statutory authorization or a contract between the parties providing for such fees. State v. Brown & Williamson Tobacco Corp., 18 S.W.3d 186, 194 (Tenn. 2000). The complaint does not indicate that a statutory basis for attorney's fees in this case exists, and Plaintiff admits that she is "presently unaware of any statutory authority that would authorize the recovery of her attorneys' fees." (Pl.'s Response in Opp'n to

3

Def.'s Mot. to Dismiss ("Pl.'s Response") (D.E. 25) 3.)  Nor does the complaint allege the existence of a contractual agreement for attorney's fees.  (<u>See generally</u> Compl.) Plaintiff argues that she should be permitted discovery to determine whether such a contract exists.  Rule 12(b)(6) is to the contrary.  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, and the complaint contains no direct or inferential allegations that suggest the existence of a contract for attorney's fees between Plaintiff and the Performa Defendants.  Plaintiff's claim for attorney's fees is DISMISSED.

## IV. Conclusion

Plaintiff's claims against the Performa Defendants for prejudgment interest and attorney's fees are DISMISSED.

IT IS SO ORDERED this 1st day of February, 2010.

/s/ Jon P. McCalla_____
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE